[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 39, whose birth name is Sidebotham, and defendant husband, 56, married on December 26, 1992 in Weston, Connecticut. The plaintiff has been living in this state continuously for over one year prior to filing her complaint for dissolution which is dated November 13, 1996, with a return date of December 17, 1996, thereby affording this court with jurisdiction. No child has been born to the plaintiff since the marriage. The court finds the marriage has broken down irretrievably.
During the marriage the parties have since occupied a residence which has been owned by the defendant prior to the marriage. The court accepts the defendant's estimate of fair market value of $475,000.00. It is encumbered by a mortgage balance of $343,000.00. The defendant maintained the property and paid the mortgage throughout the marriage. By joint venture with an adjoining property owner they created a new building lot by combining portions of their respective plots. The lot has been sold and the defendant's share of the net proceeds, $76,459.73, is presently in escrow pending this decision.
The plaintiff has been a waitress since graduating from high school which completed her formal education. This marriage is her CT Page 11569 second. A daughter of her prior marriage lived with the parties until about eighteen months ago when the daughter began residing with her father. The plaintiff pays no child support and the defendant testified, without contradiction, that he contributed to the maintenance of the plaintiff's daughter while she lived in his house. The plaintiff has very recently began a new career in sales. She is presently being paid $250.00 weekly while in training.
The plaintiff has recently received an inheritance valued at $113,000.00 from her mother's estate. She has received $10,000.00 from her father's estate, paid within the last year, and expects a further distribution of about $56,000. She has no other assets of substance.
The defendant, a college graduate, is a sports commentator, presently employed by WPIX, Inc. a New York City station, earning $145,000.00 paid as the year of a three year contract that expires in March, 1998. He anticipates it will be renewed. He has done voice-overs and similar work which has provided about another $5,000.00 of income this year. On a weekly basis, after taxes, he nets $1,779.52 from his principal employment and $89.72 from the extra work.
At the time of the marriage he was a network commentator earning about $190,000.00. He was released and experienced a protracted period of unemployment. He was forced into debt and now has debts due family members and friends totaling $186,000.00 as listed on his financial affidavit. In addition, he owes his union, AFTRA, $4,071.50 and his agent $19,573.31. One remaining bill is owed a landscaper of $4,946.90.
He has a pension through AFTRA which had been divided as part of the dissolution of his first marriage by decree entered in May, 1991.
Both parties are in good health.
The causes of the marriage breakdown are found rooted in a generalized incompatibility of life style. The marriage was irretrievably broken down by the summer of 1996. Each party has behaved as an unmarried person since then, 185 Venuti v. Venuti,
156 Conn. The court concludes that fault is not to be assigned to either party. CT Page 11570
Having reviewed the evidence, considered the applicable case law and applying the applicable statutes, the court enters the following judgment.
1. A decree is entered dissolving the marriage on the ground of irretrievable breakdown. The judgment may contain an order restoring either the plaintiff's prior married name or her birth name if she so elects.
2. The defendant shall pay alimony to the plaintiff in the weekly sum of $300.00 for term of two (2) years which term is not modifiable unless sooner terminated by either party's death, the plaintiff's remarriage or by the provisions of § 46b-86 (b) being applied. A contingent wage withholding order is entered. The amount is modifiable during said term.
3. The plaintiff may retain possession of the Honda Passport to the end of 1997 provided she maintains and services the vehicle and observes the terms of the lease. The defendant shall pay the monthly lease installments in a timely manner. The plaintiff shall surrender possession of the vehicle on or before January 3, 1998.
4. The pendente lite alimony order is in arrears in the amount of $2,350.00 as of November 21, 1997. Payment of same is ordered infra.
5. The defendant shall continue to pay for the plaintiff's health insurance for so long as she remains eligible pursuant to COBRA, at a total cost to defendant not to exceed $6,732.00, and said payments shall be non-taxable to the plaintiff.
6. The defendant shall assume the plaintiff's debt to Lovejoy, Hefferan, Rimer Cuneo, P.C. in the sum of $9,070.00.
7. The plaintiff shall retain her inheritances as her sole property.
8. The defendant shall retain his real estate known as 21 Sunnyside, Westport, Connecticut. The defendant is awarded exclusive possession of his premises effective as of January 3, 1998.
9. The plaintiff shall be paid the sum of $2,350.00 in satisfaction of the pendente lite alimony order from the escrow CT Page 11571 fund.
The plaintiff shall be paid the sum of $20,000.00 as lump sum alimony by way of property settlement from the escrow fund. The balance of that fund is ordered released to the defendant.
10. The defendant shall retain his AFTRA Retirement Plan as his sole property free of any claims by the plaintiff.
11. The plaintiff shall be solely responsible for her remaining liabilities.
12. The defendant shall be solely responsible for his liabilities.
13. Any dispute arising from the division of tangible personal property may be resolved by a motion for articulation.
14. No allowance to prosecute is awarded.
Counsel for the plaintiff is directed to prepare the judgment file within 30 days.
HARRIGAN, J.